**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-11112
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

WILLIAM A. NORMAN,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

(4:91-CR-104-A)

October 21, 1997

Before WISDOM, JONES, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]

On October 11, 1991, William A. Norman pleaded guilty to a one count information charging

him with possession with intent to manufacture and distribute amphetamine and phenylacetone in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). In January 1992, he was sentenced to 109

months imprisonment and three-years of supervised release. In 1996, Norman filed a motion to reduce

his sentence under 18 U.S.C. § 3582(c)(2). The district court denied that motion. Norman appeals.

"In determining whether, and to what extent, a reduction in sentence is warranted for a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) . . . been in effect at the time the defendant was sentenced."[2]  Norman relies upon Amendment 484 to the Sentencing Guidelines and its retroactive application to argue that his sentence should be reduced.  At the time of Norman's sentencing, the weight of a controlled substance that would be used to calculate a sentence under U.S.S.G. §2D1.1 was "the entire weight of any mixture or substance containing a detectable amount of the controlled substance."[3]  Applying this formula, the district court sentenced Norman based upon finding that the mixture had 200.28 grams of amphetamine and 2,109.5 grams of phenylacetone.  This resulted in a base offense level of 26, to which the district court added two levels for possession of a loaded firearm.  Norman had a criminal history category of III, placing his guideline imprisonment range at 97 to 121 months.  The court sentenced Norman to 109 months.

Amendment 484, effective November 1, 1993, changed the definition of a mixture, however. It provides:

> Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used.  Examples of such materials include . . . waste water from an illicit laboratory used to manufacture a controlled substance.  If such material cannot readily be separated from the mixture or substance that is appropriately counted in the Drug Quantity Table, the court may use any reasonable method to approximate the weight of the mixture or substance to be counted

This Amendment was made retroactive by U.S.S.G. § 1B1.10(c).  Therefore, it applies to Norman's sentence.  Under this new definition, after the "waste water" is excluded, Norman could be held accountable for 200.28 grams of amphetamine and only 409.36 grams of phenylacetone.  This

---

[2]     U.S.S.G. § 1B1.10 (b).

[3]     *See* U.S.S.G. § 2D1.1.

quantity would result in an offense level of 22. After adding a two level increase for possession of a loaded firearm and factoring in Norman's criminal history category of III, Norman's guideline range of imprisonment would be 63 to 78 months.

Even though this 1993 amendment applies to Norman, the district court concluded that no reduction was warranted because the capacity of Norman's laboratory provided an alternative basis for sentencing Norman.[4] The court found that Norman's laboratory could produce an additional six pounds of amphetamine. This capacity would convert the base offense level to 28, to which two levels would be added for the possession of the loaded firearm. The guideline imprisonment range for an offense level of 30 and a criminal history category of III is 121 to 151 months. Because Norman could have been sentenced to a term of imprisonment longer than the one he received, the district court found that no sentence reduction was warranted. We review this decision by the district court for abuse of discretion.[5]

In *United States v. Allison*, this Court was faced with a situation similar to the present one. Allison, like Norman, was sentenced based upon the quantity of illegal drugs seized. He petitioned the district court for a sentence reduction after Amendment 484 was adopted. The district court denied Allison's motion. We affirmed that decision because the district court could sentence Allison

---

[4]     The district court's decision is based upon Application note 12 to U.S.S.G. § 2D1.1. That note provides:

> Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance. In making this determination, the court may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size of capability of any laboratory involved.

[5]     *United States v. Allison*, 63 F.3d 350, 351 (5th Cir. 1995).

based upon the capacity of his laboratory.[6] We reached this conclusion even though the district court originally sentenced Allison based upon the quantity of drugs seized, not the capacity of his laboratory.[7]

In the present case, the government has offered evidence of the capacity of Norman's laboratory. Norman has offered no contradictory evidence. Based upon this evidence and the amended Presentence Report, we find that the district court could have sentenced Norman based upon the capacity of his laboratory. That sentence could have been longer than the one actually imposed upon Norman. We hold that the district court has not abused its discretion by refusing to reduce Norman's sentence.

The judgment is AFFIRMED.

---

[6] *Id*. at 353.

[7] *See id*. at 351.